UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANNY RAY SALZER, | Case No. 2:19-cv-01615-GMN-EJY |
| Plaintiff | SCREENING ORDER |
| v. | |
| CAVASOS et al., | |
| Defendants | |

Plaintiff, who is now in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and a motion for preliminary injunction for events that took place while Plaintiff was housed at the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada.  (ECF Nos. 1, 5).  Plaintiff paid the full filing fee for a civil action.  (ECF No. 1).  The Court construes the complaint as seeking relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) rather than under 42 U.S.C. § 1983. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.   **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her individual capacity for

1   damages for violating the plaintiff's constitutional rights.  *Id.* at 389.  "Actions under § 1983

2   and those under *Bivens* are identical save for the replacement of a state actor under

3   § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.

4   1991).  To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by

5   the Constitution or laws of the United States was violated, and (2) that the alleged violation

6   was committed by a federal actor.  *See id.*

7       Dismissal for failure to state a claim is proper only if it is clear that the plaintiff

8   cannot prove any set of facts in support of the claim that would entitle him or her to relief.

9   *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination,

10  the court takes as true all allegations of material fact stated in the complaint and construes

11  them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

12  955, 957 (9th Cir. 1996).  A reviewing court should "begin by identifying pleadings

13  [allegations] that, because they are no more than mere conclusions, are not entitled to

14  the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal

15  conclusions can provide the framework of a complaint, they must be supported with

16  factual allegations."  *Id.*  "Determining whether a complaint states a plausible claim for

17  relief [is] a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense."  *Id.*  The plaintiff must provide more than mere labels

19  and conclusions, and a formulaic recitation of the elements of a cause of action is

20  insufficient.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan

21  v. Allain*, 478 U.S. 265, 286 (1986).

22      Although allegations of a pro se complainant are held to less stringent standards

23  than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

24  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d

25  696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed

26  *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This

27  includes claims based on legal conclusions that are untenable (e.g., claims against

28  defendants who are immune from suit or claims of infringement of a legal interest which

1   clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

2   fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

3   *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  If it is clear from the face

4   of the complaint that any deficiencies could not be cured by amendment, leave to amend

5   is not required.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6   **II.   SCREENING OF COMPLAINT**

7         In the complaint, Plaintiff sues multiple defendants for events that took place at

8   NSDC.  (ECF No. 1 at 1).  Plaintiff sues Defendants Dr. Cavasos, Dr. McGough, Dr. Ena,

9   Dr. Lincoln, and Warden Kohn.  (*Id.* at 1-3).  Plaintiff alleges one count and seeks

10   monetary damages.  (*Id.* at 4, 7).

11         The complaint alleges the following:  On December 9, 2018, Plaintiff had pain in

12   his stomach.  (*Id.* at 4).  Someone told Plaintiff that he had a hernia.  (*Id.*)  On December

13   16, 2018, Plaintiff submitted a sick call slip about his hernia.  (*Id.*)  That same day, Plaintiff

14   emailed Deputy U.S. Marshal Jefferson, Deputy U.S. Marshal Carpenter, and Warden

15   Kohn about not being seen about his hernia.  (*Id.*)  On December 17, 2018, Plaintiff saw

16   Jefferson who told Plaintiff to resend the email about Plaintiff's problems.  (*Id.*)

17         On March 4, 2019, Plaintiff sent another email to Jefferson because nothing had

18   been done about Plaintiff's hernia.  (*Id.*)  On March 8, 2019, Plaintiff emailed both

19   Jefferson and Carpenter about not having any results.  (*Id.*)  On March 12, 2019, Jefferson

20   told Plaintiff to email him with the problem.  (*Id.*)  On March 22, 2019, Plaintiff emailed

21   Jefferson.  (*Id.*)  On March 30, 2019 and April 1, 2019, Plaintiff emailed Carpenter again

22   about his problem.  (*Id.*)  On June 30, 2019 and July 22, 2019, Plaintiff emailed Jefferson

23   but still nothing happened.  (*Id.*)  On August 9, 2019, Plaintiff wrote to medical but nothing

24   happened.  (*Id.*)  On August 23, 2019, Plaintiff wrote to the warden.  (*Id.*)  On August 27,

25   2019, Plaintiff wrote to the assistant warden.  (*Id.*)  Nobody has done anything to prevent

26   Plaintiff's hernia pain and Plaintiff is still awaiting surgery.  (*Id.* at 3).  Plaintiff alleges an

27   Eighth Amendment violation.  (*Id.* at 4).

28         As an initial matter, it is unclear to the Court whether Plaintiff was a federal pretrial

1  detainee or a convicted inmate at the time of these events.  The Court notes that NSDC,

2  a private prison operated by CoreCivic, has a contract with the U.S. Marshals Service to

3  house federal inmates.[1]  If Plaintiff was a federal pretrial detainee at the time of the events,

4  he would need to raise his inadequate medical care claims under the Fifth Amendment's

5  Due Process Clause rather than the Eighth Amendment's Cruel and Unusual

6  Punishments Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 530, 535 (1979) (holding that

7  the Fifth Amendment's Due Process Clause prohibits subjecting federal pretrial detainees

8  to conditions of confinement that "amount to punishment"); *Whitley v. Albers*, 475 U.S.

9  312, 318 (1986) (reiterating that the Eighth Amendment's Cruel and Unusual

10  Punishments Clause protects those convicted of crimes); *see also Toney v. Williams*, No.

11  3:18-CV-2786-WQH-KSC, 2020 WL 1912168, at *5 (S.D. Cal. Apr. 20, 2020) (applying

12  the Fifth Amendment's Due Process Clause to federal pretrial detainees' inadequate

13  medical care claims).

14        The Court interprets Plaintiff's allegations as claims against the private prison

15  doctors, the private prison warden, and the deputy U.S. Marshals.  The Court notes that

16  Plaintiff has not made any allegations against the private prison doctors even though he

17  has named them as defendants.  Regardless, the Court finds that Plaintiff cannot bring a

18  *Bivens* action against an employee of a private entity for damages.  *Minneci v. Pollard*,

19  565 U.S. 118, 131 (2012).  In *Minneci*, the Supreme Court held that:

20        [W]here . . . a federal prisoner seeks damages from privately employed
21        personnel working at a privately operated federal prison, where the conduct
        allegedly amounts to a violation of the Eighth Amendment, and where that
22        conduct is of a kind that typically falls within the scope of traditional state
        tort law (such as the conduct involving improper medical care at issue here),
23        the prisoner must seek a remedy under state tort law. We cannot imply a
24        *Bivens* remedy in such a case.

25  *Id.*

26  ─────────────────
[1] *See* U.S. Marshals Service at http://www.usmarshals.gov/prisoner/index.html (last
27  visited on August 18, 2020); *see also* CoreCivic at
https://www.corecivic.com/facilities/nevada-southern-detention-center (last visited on
28  August 18, 2020).

1    In this case, Plaintiff, whether as a pretrial detainee or a convicted inmate, is

2 attempting to sue private prison officials for either Fifth Amendment due process

3 violations for inadequate medical care or Eighth Amendment deliberate indifference to

4 serious medical needs.  Both of these violations involve conduct related to improper

5 medical care and fall within the scope of traditional state tort law such as medical

6 negligence.  As such, Plaintiff cannot raise a *Bivens* action against these defendants and

7 must seek a remedy in state court. The Court dismisses Defendants Dr. Cavasos, Dr.

8 McGough, Dr. Ena, Dr. Lincoln, and Warden Kohn from this case without prejudice with

9 leave to file a state tort action in state court.

10    Although Plaintiff does not identify Deputy U.S. Marshals Jefferson and Carpenter

11 as defendants, the body of the complaint treats them as defendants.  Nevertheless, the

12 Court finds that Plaintiff fails to state a colorable claim against Jefferson and Carpenter

13 at this time.  Assuming Plaintiff was a convicted inmate at the time and is suing Jefferson

14 and Carpenter for Eighth Amendment deliberate indifference to serious medical needs[2],

15 Plaintiff has not provided enough facts for the Court to determine whether Plaintiff states

16 a colorable claim against either defendant.  *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1864

---

[2]    The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.*  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id.* (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

1    (2017) (recognizing that, in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court

2    allowed "a *Bivens* claim for prisoner mistreatment—specifically, for failure to provide

3    medical care" under the Eighth Amendment); *see Carlson v. Green*, 446 U.S. 14, 16 n.1

4    (1980) (alleging deliberate indifference to serious medical needs against federal prison

5    officials working at a federal prison).  Based on the allegations, it is unclear to the Court

6    whether a medical professional diagnosed Plaintiff with a hernia or whether Plaintiff

7    diagnosed himself with one.  Additionally, it is unclear to the Court what exactly Plaintiff

8    grieved to Jefferson and Carpenter about his medical issues and what their responses

9    were.  As such, the Court dismisses the claim without prejudice with leave to amend.

10        Additionally, even if Plaintiff was a pretrial detainee at the time of these events, he

11   fails to allege a *Bivens* claim against Jefferson and Carpenter for Fifth Amendment due

12   process violations for inadequate medical care[3].  Again, Plaintiff has not provided enough

13   factual allegations for the Court to evaluate whether Plaintiff states a colorable claim.  The

14   Court dismisses this claim without prejudice with leave to amend.[4]

15        Plaintiff is granted leave to file an amended complaint to cure the deficiencies of

16   his claims against the deputy U.S. Marshals.  If Plaintiff chooses to file an amended

17   complaint he is advised that an amended complaint supersedes (replaces) the original

---

18

19   [3]     Pretrial detainees may raise inadequate medical care claims under the Due
     Process Clause.  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  The
20   Court evaluates these claims under an objective deliberate indifference standard.  *Id.* at
     1125.  The elements of a pretrial detainee's inadequate medical care claim are: "(i) the
21   defendant made an intentional decision with respect to the conditions under which the
     plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering
22   serious harm; (iii) the defendant did not take reasonable available measures to abate that
     risk, even though a reasonable official in the circumstances would have appreciated the
23   high degree of risk involved—making the consequences of the defendant's conduct
     obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's
24   injuries."  *Id.*  The third element requires the defendant's conduct to be "objectively
     unreasonable," a test that turns on the facts and circumstances of each particular case.
25   *Id.*  A plaintiff must "prove more than negligence but less than subjective intent—
     something akin to reckless disregard."  *Id.*

26   [4]     If Plaintiff files an amended complaint alleging inadequate medical care as a
     pretrial detainee, the Court will have to assess the potential viability of the claim under
27   *Bivens*.  *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1864-65 (2017) (discussing how to evaluate
     whether the parties seek to extend *Bivens* to a new context and the need to perform a
28   special factors analysis); *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020) (explaining the
     two-step inquiry when asked to extend *Bivens*).

complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his claims against the deputy U.S. Marshals, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice.

## III.   MOTION FOR PRELIMINARY INJUNCTION

Plaintiff files a motion for preliminary injunction.  (ECF No. 5).  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

The Court dismisses the motion for preliminary injunction without prejudice.  As

1  discussed above Plaintiff has not stated any colorable claims in his complaint at this time

2  and, thus, cannot establish a likelihood of success on the merits of his case.

3  **IV.    CONCLUSION**

4      For the foregoing reasons, it is ordered that the complaint (ECF No. 1) is dismissed

5  in its entirety without prejudice with leave to amend his claims against the deputy U.S.

6  Marshals.

7      It is further ordered that Defendants Dr. Cavasos, Dr. McGough, Dr. Ena, Dr.

8  Lincoln, and Warden Kohn are dismissed without prejudice from this case.

9      It is further ordered that, if Plaintiff chooses to file an amended complaint curing

10  the deficiencies of his claims against the deputy U.S. Marshals, as outlined in this order,

11  Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

12      It is further ordered that the Clerk of the Court will send to Plaintiff the approved

13  form for filing a § 1983 complaint, instructions for the same, and a copy of his original

14  complaint (ECF No. 1).  If Plaintiff chooses to file an amended complaint, he should use

15  the approved form and he will write the words "First Amended" above the words "Civil

16  Rights Complaint" and write "*Bivens*" in the caption.

17      It is further ordered that, if Plaintiff fails to file an amended complaint curing the

18  deficiencies of his claims against the deputy U.S. Marshals, this action will be dismissed

19  without prejudice.

20      It is further ordered that the motion for preliminary injunction (ECF No. 5) is

21  dismissed without prejudice.

22

23      DATED THIS   24   day of August 2020.

24

25                                Gloria M. Navarro, Judge
26                                United States District Court

27

28